IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE E. MARSHALL     \*
      Plaintiff,
v.     \*     CIVIL NO. RDB-17-2630

MONICA DEVAUGHN, FBI Special Agent     \*
GORDON B. JOHNSON, FBI
      Defendants.     \*
                     \*\*\*\*\*

## **MEMORANDUM OPINION**

Before this Court for preliminary screening is Wayne E. Marshall's ("Marshall") self-represented Complaint and Motion for Leave to Proceed In Forma Pauperis. ECF Nos. 1 & 2. Marshall claims that for the past five years Federal Bureau of Investigation ("FBI") agents have been aiming extremely low frequency ("ELF") weapons (with an electromagnetic field) at his bedroom, front door, office/family room, and his mother's bedroom. He alleges that these weapons include, but are not limited to, "thermo imaging cameras," recording and listening devices, and multiple ELF weapons. ECF No. 1 at 7. He asserts that the agents' actions have caused him to experience headaches, dizziness, nausea, blackouts, strange dreams, ringing in his ears, dehydration (through excessive sweating and urination), chest and stomach pain, eye problems, vomiting, and shortness of breath, and have otherwise caused him permanent injury. He further contends that FBI agents have been following him, tapping his telephone, blocking his calls and text messages, and trying to murder him. He seemingly alleges that federal agents are conducting their activities from the house next door. Marshall provides the purported license plate numbers of the agents' automobiles. He accuses the agents of harassment, assault with a deadly weapon, and attempted murder. *Id.* at 7-11.

Marshall's Motion for Leave to Proceed In Forma Pauperis shall be granted. His Complaint, shall,

however, be summarily dismissed.

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case before service of process upon a finding that the action has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Indeed, this Court must conduct a preliminarily review of Complaint allegations before service of process and dismiss them if satisfied that the Complaint has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In *Neitzke v. Williams,* 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a pro se litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id.* at 325; *see Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ( "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.") (citations to *Neitzke* omitted).

*Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Indeed, § 1915 was amended after *Neitzke* and *Denton,* such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the Complaint "fails

to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2) (B)(ii).

The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus,* 551 U.S. 89 (2007). When a federal court is evaluating a self-represented complaint, the Plaintiff's allegations are assumed to be true. *Erickson,* 551 U.S. at 93 (citing *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean that a Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services,* 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Marshall claims that he is being harassed and assaulted by federal law enforcement through the use of weaponry that contains both electric and magnetic fields. He asserts that the electromagnetic fields directed at him are being generated out of a home used by FBI agents next to his residence. The Court finds that Marshall has, at best, set out fanciful and fantastic claims, which fail to state a federal cause of action under this Court's § 1331 federal question jurisdiction. A district court has inherent authority to dismiss a frivolous complaint *sua sponte. See Mallard v. United States Dist. Ct. for S.D. of Iowa,* 490 U.S. 296, 307-08, (1989) *Ross v. Baron,* 493 Fed. App'x 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court..."). The Court finds that the instant matter is subject to dismissal due to Marshall's failure to argue a meritorious federal claim. For these

reasons, the Complaint shall be dismissed by separate Order.

Date: September 26, 2017.

/s/ Rll D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE